Robertson, J,
The defendant, prior to November, 1855, held a lease of a store in Maiden lane in this city, which was to expire in May, 1865, and underlet part of the first floor to a Mr. Atherden. The part which he so underlet consisted of the whole of that floor, except a part partitioned off, thereby shutting off an entrance through a front door to a staircase ascending to the upper part of the building. This partition inclosed a hatchway and had a door in it, forming an entrance into the part let to Atherden. Atherden during his occupation took down the partition but agreed to put it up, whenever requested by the defendant; but no lease appears to have.been given to him of the part of the first floor inclosed by such partition, which appears, during his occupation, to have been a common entrance to the rest of the first floor, and the upper part of the building, from which cotton and other goods was hoisted through the hatchway before spoken of. This partition remained down until the 28th or 29th of October, 1857. The plaintiff, before the 14th of November, 1856, bought of Atherden his stock, fixtures, good will, lease and everything. On the last named day, the defendant let to the plaintiff the first floor of the house in question as long as he held his own lease, at a yearly rent of $800 payable monthly, on condition the defendant did not sell the lease, in which case he was to offer the preemption to the plaintiff, and if the latter did not buy it, *227 pay for his good will, stock and fixtures. The instrument letting such premises describes the plaintiff as “lessee and occupant of the' first floor,” and provides that he may “ continue to use and occupy the said premises;” and, I think, there can be no doubt that the legal construction of these phrases is merely that he may continue to use that part of which he was already “ lessee.” The term “ continue ” implies some previous right, and could not fairly be extended to any part not occupied by the plaintiff. It therefore remains to be detérmined of what part he was so in possession or lessee. Atherden, from whom he derived title, clearly had no right of possession to the part inclosed by the partition, and there is no evidence that he transferred anything but his lease which would only carry that which was leased b}r it; if he usurped the possession of the inclosed space, there is no evidence that he transferred it to the plaintiff. The plaintiff, therefore, clearly had no right of possession to the contested inclosure when he obtained the lease from the defendant. He' went into the premises in question two or three days before the lease to him was signed, but there is not a particle of evidence to show of how much he took possession, and it is hardly to be assumed that he took possession of an entrance, to the staircase to the upper stories, constantly in use for hoisting goods. If the lease in question gave the plaintiff an exclusive right to the whole of the first floor, I do not see but what the entrance to the staircase would come within the premises let, and that the defendant would have deprived himself of the use of it and the hatchway, and the right of hoisting goods there through it. But even if the plaintiff had been in exclusive possession of the whole of the first floor at the time of taking the lease in question, I think such possession should have been known to the defendant when he gave the lease. The latter knew that Atherden had no right to the possession of any space within the inclosure, and that the plaintiff had only acquired his rights; any seizure and occupation beyond that should be established to be of that open and palpable character which would warrant the inference of notice to the defendant; he certainly had no reason to suspect such usurpation, while he was allowed to use the staircase and hoistway. But the evidence excluded by . the Court would have made the right of the parties still plainer; the defendant was debarred from showing an agreement by the *228 plaintiff -with Atherden to perform the.promise of the latter to put up the partition at the time he bought him out, which was, at least, an agreement not to take possession of the space to be inclosed.. I am unable to see how a party rightfully in possession of a certain part of. a first floor of a house under a prior lease from the'head landlord; agreeing to shut off that part from the rest by putting up a partition, which his assignor had before agreed to restore; could be presumed to be wrongfully in possession of the residue, so as to give him a right thereto under an instrument agreeing only to continue him in the premises of which he was lessee. This as an action for damages for an eviction, under the evidence given, must necessarily fail; and that which was ¿xcluded ought to have been admitted for the purpose of showing an agreement by the plaintiff, not to take possession of the contested space, as well as knowledge by him of the extent of the rights of Atherden, whose place he took.
If, however, the action be sought to be sustained as one for damages Caused by removing the easement of the light and air of and entrance from the contested part to the residue of the first floor of the premises in question, the evidence excluded would equally have settled that difficulty, because the plaintiff would appear thereby to have agreed to perform the promise of his assignor to put up such partition.
I. have put out of view the considerations that the weight of evidence seems to establish that it was Atherden, in performance of his agreement, and not the defendant, who put up the partition, and that the plaintiff declined to have the partition removed, as well as any arising from the character of the damages assessed.
Upon the ground of the exclusion of the evidence as to the plaintiff’s agreement with Atherden as to putting up the partition, as- well as the refusal to dismiss the complaint, I think the judgment at Special Term should be reversed', with costs.
Bosworth, Ch. J.
I think the evidence offered and excluded pertinent and material, upon the question what the parties understood the phrase, “ the present lessee and occupant of the first floor of house Ho. 166, Maiden lane,” to mean and designate. The word “ lessee,” in this connection, is as significant as the words, “ the first floor.” It is not claimed, that the plaintiff had *229 a lease of all which the words, “the first floor,” would, literally and strictly, include. There is no pretense that the defendant and his lessees were to have no right of passage over it to the upper stories. Then, as the plaintiff was not to have exclusive possession of the whole of the first floor, it was competent to prove what part he was “lessee” of, and what part he was to “ continue to use and occupy ” under the agreement of November 14, 1856. The evidence offered and excluded was admissible on this question. On this ground I agree that there should be a new trial. I think the damages excessive on the evidence before us.
Judgment reversed, and new trial granted, with costs to abide the event.